IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**IRA STANLEY,**
       **Petitioner,**

**vs.**                                              **Case No. 5:07cv228/RH/MD**

**SCOTT MIDDLEBROOKS,**
       **Respondent.**

---

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondent has responded in opposition to the petition. (Doc. 11). Petitioner has filed a reply. (Doc. 13).

**I.**    **BACKGROUND**

The following facts are undisputed. Petitioner was arrested on May 23, 1992, by the Miami-Dade County Police in Florida and subsequently released on May 24, 1992. (Doc. 11, Ex. 2 ¶ 4; Doc. 13, p. 3). On June 1, 1992, petitioner was again arrested by Miami-Dade County Police for Grand Theft Auto, Driving with a Suspended License, and Resisting an Officer (case number 92-19278). (Doc. 11, Ex. 2 ¶ 5, Doc. 13, p. 3). Based on petitioner's May 23, 1992 arrest, on February 12, 1993, petitioner was indicted by a federal grand jury in the United States District Court for the Southern District of Florida, for Possession of a Firearm by a Convicted Felon. (Doc. 11, Ex. 2 ¶ 6; Doc. 13, p. 3). On August 25, 1993, petitioner was sentenced in Miami-Dade County Court to a term of 22 years for Armed Robbery with a Gun, 22-years for Burglary Armed with a Weapon, 5-years for Grand Theft Motor Vehicle, and 5-years for Aggravated Assault. (Doc. 11, Ex. 2 ¶ 7; Doc. 13, p. 3). The

sentences on all counts were ordered to run concurrently, thereby resulting in an aggregated term of 22-years imprisonment for petitioner's state sentence (case number 92-19278). (*Id.*)

On October 15, 1993, a writ of habeas corpus *ad prosequendum* was issued by the United States District Court for the Southern District of Florida for petitioner to face the indictment. (Doc. 11, Ex. 2 ¶ 8; *see also United States v. Stanley*, Case No. 1:93cr00074-SH). On October 29, 1993, based on the writ, petitioner was removed from the Florida Department of Corrections. (*Id.*). Following a jury trial, on April 19, 1994, petitioner was found guilty and, on June 20, 1994, was sentenced to a term of 264-months for Possession of a Firearm by Convicted Felon. (Doc. 11, Ex. 2 ¶ 9; Doc. 1, pp. 19-21).[1] This sentence was ordered "to run concurrently with the sentence imposed in state court under case numbers 92-19278 and 92-21800." (*Id.*).

On July 1, 1994, petitioner was returned to the physical custody of the State of Florida. He remained in state custody until November 18, 2006, when he was released from his state sentence and relinquished to the custody of the United States Marshal to begin service of his federal sentence. (Doc. 11, Ex. 2 ¶ 10).

On January 12, 2007, the Bureau of Prisons (BOP), in accordance with the District Court's recommendation, designated the Florida Department of Corrections for service of petitioner's federal sentence, *nunc pro tunc*. (*Id.*, ¶ 11). Accordingly, petitioner's federal sentence commenced on June 20, 1994, the date of imposition. (*Id.*). Since petitioner's sentences were running concurrently, the BOP conducted a review of petitioner's sentences to determine if he derived benefit for the time spent in presentence custody prior to the imposition of his state sentence. (*Id.*, ¶ 12). The BOP granted sentence credit for two (2) days of prior custody credit, from May 23, 1992 to May 24, 1992 and four hundred fifty (450) days prior custody credit from June 1, 1992 to August 24, 1993; totaling four hundred fifty-two (452) days of prior custody credit, pursuant to 18 U.S.C. § 3585(b). (*Id.*, ¶ 13). Pursuant to §

---

[1]Although petitioner states in his reply that he was sentenced on October 29, 1993, the copy of the judgment attached to his petition establishes that he was sentenced on June 20, 2004. (Doc. 1, pp. 19-21).

*Case No: 5:07cv228/RH/MD*

3585(b), the BOP did not grant sentence credit for the period August 24, 1993 to June 20, 1994, because petitioner received credit on his state sentence for that period. (*Id.*, ¶ 14).

In this habeas action, petitioner contends the BOP has failed to correctly compute his sentence. Specifically, he asserts that he has not been given prior custody credit on his federal sentence for the period August 24, 1993 to June 20, 1994. Respondent concedes that petitioner exhausted his administrative remedies with respect to his claim, (doc. 11, p. 3), but contends petitioner is not entitled to relief because his sentence has been properly computed.

## II. STANDARD OF REVIEW

Acting through the BOP, the Attorney General initially possesses the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). Because it is undisputed that petitioner exhausted his administrative remedies within the BOP before filing the instant petition, this court now has the final authority to review the constitutionality of the BOP's decision and its statutory construction. *Id*. The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress." If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id*. (citing *Chevron USA Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

## III. ANALYSIS

The parties do not dispute that the offense conduct underlying the firearm charge occurred after November 1, 1987. Therefore, prior custody credit is governed by 18 U.S.C. § 3585(b). Section 3585(b) provides, in pertinent part, as follows:

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

>   (1)  as a result of the offense for which the sentence was imposed; or
>
>   (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   *that has not been credited against another sentence.*

18 U.S.C. §3585(b) (emphasis added).  After a defendant is sentenced, it falls to the BOP, not the district court, to determine whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with § 3585(b).  *See United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (BOP determines credit issues, not the district courts).

Petitioner does not dispute that the period in question, August 24, 1993 to June 20, 1994, was credited against his state sentence.  Since § 3585(b) expressly precludes the BOP from granting credit for time "credited against another sentence," the BOP did not err in giving effect to this plain language by not giving petitioner credit for this time served.  *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that BOP not required to credit state custody time toward federal sentence where time was credited against state sentence); *United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) (holding that defendant was not entitled to receive credit against his federal sentence for time served on his state sentence, where defendant received credit on his state sentence for time he spent in state custody); *see also Bluitt v. Flowers*, 162 F.3d 1172, 1998 WL 703024 (10th Cir. Oct. 8, 1998) (Table, Text in Westlaw) (same); *Santos v. Fisher,* 2007 WL 1950299 (N.D. Fla. July 2, 2007) (Table, Text in Westlaw) (same).

IV. CONCLUSION

The BOP's application of 18 U.S.C. § 3585 gives effect to the "unambiguously expressed intent of Congress" that petitioner not receive prior custody credit for the time he served on his state sentence.

**Accordingly, it is respectfully RECOMMENDED:**

**1.   That the petition for writ of habeas corpus (doc. 1) be DENIED with prejudice.**

**2.   That the clerk be directed to close the file.**

**At Pensacola, Florida, this 21ˢᵗ day of July, 2008.**

/s/ *Miles Davis*
        **MILES DAVIS**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11ᵗʰ Cir. 1988).**